UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| ALLAN BARRITT | CIVIL ACTION NO. 17-1044 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| UNION PACIFIC RAILROAD CO. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 17] filed by Defendant Union Pacific Railroad Co. ("Union Pacific"). Union Pacific moves for summary judgment on Plaintiff Allan Barritt's ("Barritt") claims under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, contending that his claims are subsumed by regulations under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101. Barritt filed a memorandum in opposition to the motion. [Doc. No. 23]. Union Pacific filed a reply memorandum [Doc. No. 27].

For the following reasons, the Motion for Summary Judgment on Liability is DENIED.

I.  FACTS AND PROCEDURAL HISTORY

Barritt was employed by Union Pacific as a Manager of Operating Technology. On September 23, 2014, he was riding a locomotive to evaluate the job performance of the engineer and conductor. Barritt instructed the engineer to stop at the siding off the mainline in Swartz, Louisiana, near milepost 490.5. Barritt disembarked the locomotive and, based on differing statements, either (1) took two steps and fell, (2) placed his feet on the ground and slipped as he took his first step, or (3) got both feet on the ground, turned around, and then his foot gave way or

the ground gave way beneath is foot, and he slipped. Under the various scenarios, Union Pacific contends that Barritt challenges the condition of the ballast-covered area[1] near the railroad track that is part of the track support structure. Barritt, however, contends that he fell on the walkway, not the track support ballast.

As a result of his fall, Barritt broke his ankle, and he contends that this injury has ended his career with Union Pacific.

On August 17, 2017, Barritt brought this FELA suit against Union Pacific seeking to recover for permanent injuries, pain and suffering, lost wages, medical expenses, and loss of the ability to work, labor, and enjoy the normal pursuits of life.

On July 19, 2018, Union Pacific filed the instant Motion for Summary Judgment. On August 27, 2018, Barritt filed a memorandum in opposition to the motion. [Doc. No. 23].

On September 10, 2018, Union Pacific filed a reply.. [Doc. No. 27].

Briefing is now complete, and the Court is prepared to rule.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by

---

[1] Ballast is the material used to support the track structure and support drainage and normally consists of crushed rocks.

identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248).

    **2.**    **FELA and FRSA**

Union Pacific moves the Court for summary judgment, arguing that Barritt is preempted from proceeding with his FELA claims under the FRSA. Barritt opposes the motion, responding that Union Pacific improperly analyzes his claim under preemption, which applies to state law, but, in fact, this is an issue of two federal laws. He argues further that there is an issue of fact as where he injured himself, on the walkway or the ballast. Finally, he contends that, regardless, he

3

has claims remaining that Union Pacific failed to comply with the ballast regulations and that its employees acted negligently in dropping him off at an unsafe location. Union Pacific replies that Barritt fell on the ballast, binding Fifth Circuit precedent set the standard of care for this case under the federal regulations pertaining to ballasts, that Union Pacific complied with the ballast regulations, and, therefore, Barritt cannot raise a genuine issue of material fact for trial.

"The FELA provides the exclusive remedy for a railroad employee injured as a result of his employer's negligence." *Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 442 (5th Cir. 2001) (citing *Wabash R.R. Co. v. Hayes*, 234 U.S. 86, 89, 34 S.Ct. 729, 58 L.Ed. 1226 (1914); *Janelle v. Seaboard Coast Line R.R. Co*., 524 F.2d 1259, 1261 (5th Cir. 1975)). "It authorizes an injured railroad employee to recover damages from his employer for 'injury or death resulting in whole or in part from the [railroad's] negligence.'" *Id.* (citing 45 U.S.C. § 51).

As the United States Court of Appeals for the Fifth Circuit has explained:

In a FELA case the plaintiff's burden of proof is "featherweight" and "[o]ur precedents clearly establish that in this Circuit, a judgment as a matter of law against the plaintiff in a FELA suit is appropriate 'only when there is a complete absence of probative facts' supporting the plaintiff's position*." Rivera v. Union R. Co*., 378 F.3d 502, 506 (5th Cir.2004) (citation omitted).

As we noted in *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), overruled in other respects, *Gautreaux v. Scurlock Marine*, 107 F.3d 331, 336 (5th Cir.1997) (en banc), the FELA "complete absence of probative facts" standard is in sharp contrast to the more demanding test applicable in other civil cases, namely that "[o]n motions for directed verdict ... the Court should consider all the evidence-not just that which supports the non-mover's case-... A mere scintilla of evidence is insufficient to present a question for the jury.... There must be a conflict in substantial evidence to create a jury question." *Boeing,* at 374-75. On the other hand, "the congressional intent in enacting the FELA was to secure jury determinations in a larger proportion of cases than would be true of ordinary common law actions ... 'trial by jury is part of the remedy in FELA cases.' " Id. at 371 (citation omitted). Under the FELA, "'the jury's power to engage in inferences must be recognized as being significantly broader than in common law negligence actions.' *" Id.* (quoting with *approval Chicago, Rock Island and Pacific Railroad*

4

*Co. v. Melcher*, 333 F.2d 996, 999-1000 (8th Cir.1964)). Moreover, in *Boeing* we observed "the test of sufficiency of the evidence in FELA cases is very much like the Alabama rule which provides that if there is a scintilla of evidence a jury question is presented." *Id*. at 373 n. 9.

*Howard v. Canadian Nat'l/Illinois Cent. R.R.*, 233 F. App'x 356, 357–58 (5th Cir. 2007)

The Federal Railway Safety Act ("FRSA") was enacted to "promote safety in every area of railroad operations and reduce railroad related accidents and incidents." 49 U.S.C. § 20101. The FRSA contains an express preemption provision, which states that "Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106. However, the FRSA preempts only **state** laws, regulations and lawsuits. *See id.* Thus, a FELA action is not expressly preempted by the FRSA.

However, the Federal Railroad Administration ("FRA") has enacted regulations pertaining to track safety. Specifically, the FRA has enacted regulations pertaining to ballast. *See* 49 C.F.R. § 213.103.

In the Supreme Court case of *POM Wonderful LLC v. Coca–Cola Company*, 134 S.Ct. 2228 (2014), the Supreme Court considered the intersection of two federal laws, both of which address labeling. The Lanham Act made actionable the deceptive and misleading use of trademarks, among other items. The Federal Food, Drug, and Cosmetic Act ("FDCA") addresses the health and safety of the public by, among other actions, prohibiting the misbranding of food and drink. In *POM Wonderful*, the distributor of a pomegranate-blueberry juice blend brought suit against the Coca-Cola Company, alleging that its name, label, marketing, and advertising misled consumers to believe that its Minute Maid juice blend was primarily pomegranate and

5

blueberry when it was predominantly apple and grape juices. POM brought suit under the Lanham Act, but Coca-Cola argued that the FDCA precluded challenges to the name and label of the juice blend. The district court granted partial summary judgment to Coca-Cola, and the Ninth Circuit affirmed in relevant part. However, the Supreme Court granted certiorari to consider "whether a private party may bring a Lanham Act claim challenging a food label that is regulated by the FDCA." *Id.* at 2236. The Supreme Court made clear that a case addressing the intersection between two federal statutes "is not a pre-emption case," but the "alleged preclusion of one cause of action under one federal statute by the provisions of another federal statute." *Id.* Applying the rules of statutory construction, the Supreme Court rejected Coca-Cola's argument that the goal of uniformity provided through labeling requirements under the FDCA precluded suits alleging unfair competition based on misleading labels under the Lanham Act. *Id.* at 2239–40.

Applying these principles to the facts herein, the Court finds that Barritt has raised genuine issues of material fact for trial.

### 1. Location of Barritt's Injury

First, the Court finds that Barritt has raised a genuine issue of material fact for trial based on the location of his injury. He asserts that he was injured on the walkway, not the track support ballast, and, therefore, the ballast regulations are inapplicable, regardless of the interplay between the FRSA and FELA. Given a FELA plaintiff's "featherweight" burden, the Court agrees. Union Pacific will have the opportunity to attack the alleged inconsistency of his accounts of his fall on cross-examination, but Barritt is entitled to present his version of events to the jury.

### 2. Union Pacific's Compliance with Applicable Regulation

Second, even if the accident occurred on the track support ballast, the Court finds that Barritt may proceed with his claim that Union Pacific failed to comply with the applicable FRSA regulations. Union Pacific relies on the Fifth Circuit's decision in *Lane v R.A. Sims, Jr.*, 241 F.3d 439 (5th Cir. 2001), to support its contention that Barritt cannot pursue a negligence claim under FELA if it complied with the applicable ballast regulations. Barritt contends that *Lane* was implicitly overruled by *POM Wonderful*. Regardless, however, the parties dispute whether Union Pacific did, in fact, comply with the track ballast regulations. Even under the express preemption provision of the FRSA applicable to state law claims, a plaintiff may pursue a cause of action "seeking damages for personal injury . . . alleging that a party . . . has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters)." 49 C.F.R. § 20106(b)(1)(A). Therefore, the Court finds that there is also a genuine issue of material fact for trial on this claim.[2]

## III. CONCLUSION

For the reasons set forth above, Union Pacific's Motion for Summary Judgment is

---

[2] Based on these conclusions, the Court declines to reach any of the parties' remaining arguments. If necessary, the parties may engage in further motion practice prior to trial.

DENIED.

MONROE, LOUISIANA, this 11th day of September, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE